# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| Thomas Hunter Floyd,  ) | Civil Action No. 7:13-01971-JMC |
| )  | |
| Plaintiff,  ) | |
| v.  ) | **ORDER AND OPINION** |
| )  | |
| Management Analysis & Utilization, Inc.,  ) | |
| )  | |
| Defendant.  ) | |
| _____ ) | |

Plaintiff Thomas Hunter Floyd ("Plaintiff") filed this action alleging violation of his rights protected by the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601-2654, and state law claims for breach of implied contract, and breach of the covenant of good faith and fair dealing. (ECF No. 1-1 at 7-11.) Defendant Management Analysis & Utilization, Inc. ("Defendant") denies that Plaintiff has alleged sufficient facts to establish his claims. (ECF No. 5.) This matter is before the court on Defendant's motion to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6) motion"). (Id.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. On January 13, 2014, the Magistrate Judge issued a Report and Recommendation in which he recommended that the court grant Defendant's Rule 12(b)(6) motion in its entirety. (ECF No. 24.) Plaintiff only filed an objection to the Magistrate Judge's recommendation that Plaintiff's FMLA claim be dismissed.[1] (ECF No. 26.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's recommendation and **GRANTS** Defendant's Rule 12(b)(6) motion as to Plaintiff's complaint.

---

[1] Plaintiff specifically stated that he "does not contest the Magistrate Judge's findings as to Plaintiff's other causes of action . . . ." (ECF No. 26 at 4 n.1.)

## I.     RELEVANT BACKGROUND TO PENDING MOTION

The facts as viewed in the light most favorable to Plaintiff are discussed in the Report and Recommendation.  (See ECF No. 24.)  The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference.  The court will only reference herein facts pertinent to the analysis of Plaintiff's claims.

Defendant is a staffing business that provides labor for a BMW plant.  (ECF No. 1-1 at 5 ¶¶ 10-11.)  This action arises from Defendant's termination of Plaintiff's employment for excessive absences in approximately May of 2012.  (Id. at 7 ¶ 26.)  Plaintiff alleges that he suffered an ankle injury and was advised by Defendant's Human Resources Department that he could request FMLA leave to prevent him from accruing unexcused absences.  (Id. at 5 ¶ 13, 6 ¶ 14.)  Plaintiff completed FMLA paperwork on March 30, 2012 and submitted it to Defendant's Human Resources Department.  (Id. at ¶ 15.)  Plaintiff then asked Defendant if there was anything else he needed to do regarding his FMLA request, and Defendant advised him that nothing else was needed.  (Id. at ¶ 17).

Plaintiff returned to work on April 9, 2012, after being out of work from April 2, 2012 to April 6, 2012.  (Id. at ¶¶ 19, 20.)  Three (3) weeks after Plaintiff returned to work, Defendant communicated to him that there was not any record of his FMLA request and that he needed to submit another request.  (Id. at 7 ¶ 22.)  Thereafter, Plaintiff completed a second FMLA leave request and submitted it to Defendant.  (Id. at ¶ 23).  Approximately one (1) month later, Defendant advised Plaintiff that he needed to provide a doctor's note for his absences to be excused.  (Id. at ¶ 24.)  When Plaintiff could not procure an excuse from his doctor "since Plaintiff had not reported to him earlier," Defendant terminated Plaintiff for excessive absences.

(Id. at ¶¶ 25, 26.)

On May 31, 2013, Plaintiff filed an action in the Court of Common Pleas for Spartanburg County, South Carolina. (ECF No. 1-1 at 1.) Plaintiff alleged that he was terminated in violation of the FMLA, and in breach of both an implied contract and the covenant of good faith and fair dealing. (Id.) On July 17, 2013, Defendant removed the action to this court based on the federal question jurisdiction and filed a Rule 12(b)(6) motion seeking dismissal of the action, costs, and attorney's fees. (ECF Nos. 1, 5.) Plaintiff filed opposition to Defendant's Rule 12(b)(6) motion on August 12, 2013, to which Defendant filed a reply in support of dismissal of the complaint on August 22, 2013. (ECF Nos. 14, 21.)

On January 13, 2014, the Magistrate Judge issued the aforementioned recommendation that the court grant Defendant's Rule 12(b)(6) motion, but deny its request for attorney's fees and costs. (ECF No. 24.) On January 30, 2014, Plaintiff objected to the Report and Recommendation requesting that the court deny Defendant's Rule 12(b)(6) motion as to his claim for violation of the FMLA. (ECF No. 26.) Thereafter, on February 17, 2014, Defendant responded to Plaintiff's objections arguing that the Magistrate Judge's recommendation was correct. (ECF No. 28.)

## II.   LEGAL STANDARD

A.   The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to

which only "general and conclusory" objections have been made—for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

B.    Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

C.     Claims Under the FMLA

The FMLA entitles qualifying employees to up to twelve (12) weeks of unpaid leave each year if, among other things, an employee has a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). A "serious health condition" is defined as "an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11). Qualifying employees who return to work within that 12-week period are entitled to be reinstated to their previous position, or "to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1).

"The FMLA creates two types of claims: (1) interference[2] claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act; and (2) retaliation[3] claims, in which an employee asserts that his employer discriminated against

---

[2] To establish a case of FMLA interference, Plaintiff must show that: (1) he was an eligible employee; (2) his employer was covered by the FMLA; (3) he was entitled to FMLA leave; (4) he gave his employer adequate notice of his intention to take leave; and (5) his employer denied him the benefits to which he was entitled. Rodriguez v. Smithfield Packing Co., 545 F. Supp. 2d 508, 516 (D. Md. 2008) (citing Edgar v. JAC Prods., Inc., 443 F.3d 501, 507 (6th Cir. 2006)).

[3] A retaliation claim under the FMLA is analyzed under the burden-shifting analysis that applies to a Title VII retaliation claim. See Laing v. Fed. Express Corp., 703 F.3d 713, 718–719 (4th Cir. 2013); Dodgens v. Kent Mfg. Co., 955 F. Supp. 560, 565–566 (D.S.C. 1997). Pursuant to this framework, the employee bears the burden of establishing a prima facie case, showing (1) she engaged in protected activity; (2) the employer took adverse employment action against her; and (3) a causal connection existed between the protected activity and the adverse action. Mercer v. Arc of Prince Georges Cnty., Inc., 532 F. App'x 392, 398 (4th Cir. 2013). Once a prima facie case has been presented, the employer has the burden of producing a nondiscriminatory reason for its actions. Id. If the employer can produce a nondiscriminatory reason for its actions, the employee must demonstrate that the proffered reason is pretext for

him because he engaged in activity protected by the Act." Gleaton v. Monumental Life Ins. Co., 719 F. Supp. 2d 623, 633 n. 3 (D.S.C. 2010) (internal citation omitted).

D.     Breach of Implied Contract

In order to prevail on a breach of contract claim under South Carolina law, a plaintiff bears the burden of establishing the existence and terms of the contract, defendant's breach of one or more of the contractual terms, and damages resulting from the breach. Taylor v. Cummins Atl., Inc., 852 F. Supp. 1279, 1286 (D.S.C. 1994) (citing Fuller v. E. Fire & Cas. Ins. Co., 124 S.E.2d 602, 610 (S.C. 1962)). In an action asserting breach of contract based on a handbook or other statement of company policy, once an employer voluntarily publishes the handbook or policy to its employees, the employer may be held liable for breach of contract if the employee can establish that the handbook, policy, or other similar material applies to the employee, sets out procedures binding on the employer, and does not contain a conspicuous and appropriate disclaimer. Grant v. Mount Vernon Mills, Inc., 634 S.E.2d 15, 20 (S.C. Ct. App. 2006).

E.     Breach of the Covenant of Good Faith and Fair Dealing

Under South Carolina law, there exists in every contract an implied covenant of good faith and fair dealing. Shelton v. Oscar Mayer Foods Corp., 459 S.E.2d 851, 857 (S.C. Ct. App. 1995) (citing Parker v. Byrd, 420 S.E.2d 850, 853 (S.C. 1992)). However, the implied covenant of good faith and fair dealing is not an independent cause of action separate from the claim for breach of contract. RoTec Servs., Inc. v. Encompass Servs., Inc., 597 S.E.2d 881, 884 (S.C. 2004) (citing Boddie-Noell Props., Inc. v. 42 Magnolia P'ship, 544 S.E.2d 279, 285 (S.C. Ct. App. 2000)).

---

FMLA retaliation. Id. (citing Nichols v. Ashland Hosp. Corp., 251 F.3d 496, 502 (4th Cir. 2001)).

## III.    ANALYSIS

A.    <u>Plaintiff's Claim for Violation of the FMLA</u>

Plaintiff alleges that Defendant "violated the FMLA by failing to provide written notice designating [][his] leave as FMLA leave and detailing specific expectations and obligations of []Plaintiff while he was exercising his FMLA entitlement."  (ECF No. 1-1 at 8 ¶ 30.)

### *1.  The Magistrate Judge's Report and Recommendation*

Upon his review, the Magistrate Judge concluded that Plaintiff had alleged an FMLA interference claim based on allegations in the complaint.  (ECF No. 24 at 4 (referencing ECF No. 1-1 at 8 ¶ 30).)   Therefore, for Plaintiff to survive Defendant's Rule 12(b)(6) motion, the Magistrate Judge looked for allegations showing that: (1) Plaintiff was an eligible employee; (2) Defendant was covered by the FMLA; (3) Plaintiff was entitled to leave under the FMLA; (4) he gave Defendant adequate notice of his intention to take leave; and (5) Defendant denied him FMLA benefits to which he was entitled.  (ECF No. 24 at 4 (citations omitted).)  In consideration of the foregoing elements, the Magistrate Judge recommended dismissing Plaintiff's FMLA interference claim because he did not establish entitlement to FMLA leave as a result of his failure "to allege facts showing that he had a serious health condition."  (ECF No. 24 at 4-6.)  In reaching this conclusion, the Magistrate Judge determined that Plaintiff did not suffer a serious health condition on the basis of continuing treatment[4] because (1) Plaintiff did not see a healthcare provider within seven (7) days of April 2, 2012, his first date of absence from work; and (2) Plaintiff neither alleged that "he received treatment from a healthcare provider two (2) or more times within [thirty] (30) days of April 2nd, nor did he seek treatment on at least one (1) occasion, resulting in a regimen of continuing treatment by a healthcare provider."  (<u>Id.</u> at 5

---

[4] Plaintiff has not alleged that he received inpatient treatment for his condition, so the question before the Magistrate Judge was whether Plaintiff received "continuing treatment by a health care provider."

7

(citing 29 C.F.R. § 825.115).)  As a result of the foregoing, the Magistrate Judge recommended dismissal of the claim against Defendant for violation of the FMLA.

### 2. *The Parties' Arguments Regarding the Magistrate Judge's Recommendation*

In his objections to the Magistrate Judge's Report and Recommendation, Plaintiff asserts that Defendant had a duty to inform him about the requirements of FMLA including that he needed to be seen and secure a note from his doctor to qualify for FMLA leave.  (ECF No. 26 at 3 (citing 29 C.F.R 825.300).)  In this regard, Plaintiff argues that "[h]ad Defendant MAU notified Plaintiff what the FMLA requirements were at the time of Plaintiff's initial request or even at the time Plaintiff re-submitted his request, Plaintiff could easily have been seen and provided the doctor's note that was ultimately requested by Defendant MAU over a month after Plaintiff re-submitted his request for FMLA leave."  (Id.)  Plaintiff further argues that the Report and Recommendation "ignores the initial responsibilities of Defendant MAU under the FMLA" in a circumstance where Defendant suggested to Plaintiff that he should take FMLA leave for his injury.  (Id. at 4.)

In response to Plaintiff's objections, Defendant asserts that the Magistrate Judge correctly found that Plaintiff failed to establish the existence of a serious health condition.  (ECF No. 28 at 4.)  Moreover, Defendant argues that the notice provisions cited by Plaintiff do not require an "employer to tell an employee seeking FMLA leave that the employee must seek a doctor."  (Id. at 1.)

### 3. *The Court's Review*

Upon review, the court notes its agreement with the Magistrate Judge that Plaintiff only claims an FMLA interference violation.  Before an employee can bring an interference claim, however, he must demonstrate that he was entitled to protections under the FMLA.  Specifically,

the employee must provide a timely communication sufficient to put an employer on notice regarding the applicability of the FMLA.  See 29 U.S.C. § 2612(a)(1)(D), (e); 29 C.F.R. §§ 825.302–.303.  An employer may then require that a request for leave be supported by "a certification issued by the health care provider of the eligible employee."  29 U.S.C. § 2613(a); see also Rhoads v. F.D.I.C., 257 F.3d 373, 383 (4th Cir. 2001).

Based on the allegations of the complaint viewed in the light most favorable to Plaintiff, it is clear that Plaintiff failed to provide Defendant with requested certification supporting his request for FMLA leave because "his doctor could not write an excuse covering the missed days of work since Plaintiff had not reported to him earlier."  (ECF No. 1-1 at 7 ¶ 25.)  Plaintiff's failure to provide certification could be excused if Defendant failed to comply with relevant FMLA requirements.  Ahmed v. The Salvation Army, Civil No. CCB 12–707, 2012 WL 6761596, at *7 (D. Md. Dec. 28, 2012).  However, Plaintiff failed to adequately allege any such non-compliance by Defendant.  Moreover, despite Plaintiff's arguments to the contrary, the court agrees with the Magistrate Judge that "the FMLA does not require that an employer advise employees how often they must go to a doctor, when they have to go to a doctor, or what type of treatment should be provided so that the illness or injury will qualify as a serious health condition for FMLA leave purposes."  (ECF No. 24 at 6.)

In summary, because Plaintiff did not submit when requested a certification supporting his request for FMLA leave, Defendant's duty to provide FMLA leave was never triggered, and Plaintiff was not entitled to protections under the FMLA.  Therefore, the court must accept the Magistrate Judge's recommendation that Defendant's Rule 12(b)(6) motion be granted.

B.     Plaintiff's Claim for Breach of Implied Contract

Plaintiff alleges that Defendant's employee handbook constituted a binding contract and

Defendant breached the contract by violating sections 3.15, 3.9, and 7.6.  (ECF No. 1-1 at 10 ¶¶ 34, 36.)

        *1.  The Magistrate Judge's Report and Recommendation*

Upon his review, the Magistrate Judge recommended granting Defendant's Rule 12(b)(6) motion as to Plaintiff's claim for breach of implied contract.  In support of his recommendation, the Magistrate Judge determined that the following acknowledgment signed by Plaintiff operated as Defendant's conspicuous disclaimer of the employee handbook:

> 2. I agree that I am an associate at-will.
>
> I am an associate at-will, and my employment with the Company is for an unspecified period of time. I am free to leave my employment with the Company at any time, for any reason.  The Company is also free to terminate my employment at any time, for any reason.
>
> 3. **I understand that the Associate Handbook is not an employment contract.**
>
> I understand that the Associate Handbook is not an employment contract. I agree that the provisions of the Associate Handbook are guidelines, procedures, and statements of policy, which may be changed by the Company at any time without my consent. At the time I was hired, no representative of management said anything to me which led me to believe otherwise, or which I believe was intended to change the at-will nature of my employment relationship with the Company.

(ECF No. 24 at 8-9 (citing ECF No. 21-1).)  Moreover, the Magistrate Judge found that employee handbook sections 3.15, 3.9, and 7.6 did not alter the at-will employment relationship giving rise to a breach of contract claim.  (See ECF No. 24 at 10 ("Sections 3.9 Medical Statements and 7.6 Leave Under the FMLA . . . do not constitute contractual agreements for which a company may be sued for breach, as they do not contain promissory language that alters the at-will employment relationship . . . [and in] Section 3.15 Job Abandonment . . . there is no mandatory language in that provision restricting the defendant's right to discharge employees.")  Based on the foregoing, the Magistrate Judge determined that Plaintiff's breach of implied

10

contract claim should be dismissed for failure to state a claim.

   *2. The Court's Review*

Plaintiff did not object to the Magistrate Judge's recommendation to dismiss the cause of action for breach of implied contract.  In this regard, the court finds that the Magistrate Judge did not commit clear error in his analysis.  Therefore, the court accepts the Magistrate Judge's recommendation and grants Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's cause of action for breach of implied contract.

C.     Plaintiff's Claim for Breach of Covenant of Good Fair and Fair Dealing

Plaintiff alleges that Defendant "owed [him] a duty of good faith and fair dealing and implicitly covenanted to refrain from doing anything to impair his rights pursuant to the provisions of the Employee Handbook for Production and Physical Logistics Associates at Client Site, BMW MC."  (ECF No. 1-1 at 11 ¶ 40.)  Plaintiff further alleges that Defendant breached its duty of good faith and fair dealing when it discharged him from employment.  (Id. at ¶ 41.)

   *1. The Magistrate Judge's Report and Recommendation*

In light of his determination that Defendant's employee handbook did not alter the at-will employment relationship, the Magistrate Judge found that Plaintiff's claim for breach of the covenant of good faith and fair dealing failed to state a claim because such claim cannot exist without proof of an underlying contract.  (ECF No. 24 at 11.)

   *2. The Court's Review*

Plaintiff did not object to the Magistrate Judge's recommendation to dismiss the cause of action for breach of the covenant of good faith and fair dealing.  In this regard, the court finds that the Magistrate Judge did not commit clear error in his analysis.  Therefore, the court accepts the Magistrate Judge's recommendation and grants Defendant's Rule 12(b)(6) motion to dismiss

11

Plaintiff's cause of action for breach of the covenant of good faith and fair dealing.

## IV.     CONCLUSION

For the reasons set forth above, the court hereby **GRANTS** Defendant Management Analysis & Utilization, Inc.'s motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 5.)  The court **DENIES** Defendant's request for attorney's fees and costs.  The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by referenced.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 12, 2014
Greenville, South Carolina